**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1514-18

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

COREY MORRIS,

    Defendant-Appellant.

_____

Submitted October 7, 2020 – Decided July 27, 2021

Before Judges Fuentes and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Indictment No. 03-11-1069.

Joseph E. Krakora, Public Defender, attorney for appellant (Kisha M. Hebbon, Designated Counsel, on the brief).

Angelo J. Onofri, Mercer County Prosecutor, attorney for respondent (Laura Sunyak, Assistant Prosecutor, of counsel and on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant Corey Morris appeals from the order of the Criminal Part denying his second post-conviction relief (PCR) petition. We affirm.

On November 16, 2003, a Mercer County Grand Jury returned Indictment Number 03-11-1069, charging defendant with three counts of first degree robbery, N.J.S.A. 2C:15-1 (Counts I, III, and V); four counts of second degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a) (Counts II, IV, VI, and VII); second degree aggravated assault, N.J.S.A. 2C:12-1(b)(1) (Count VIII); second degree aggravated arson, N.J.S.A. 2C:17-1(a) (Count IX); third degree possession of a destructive device, N.J.S.A. 2C:39-3(a) (Count X); third degree theft by unlawful taking, N.J.S.A. 2C:20-3 (Count XI); third degree criminal mischief, N.J.S.A. 2C:17-3(a) (Count XII); second degree eluding, N.J.S.A. 2C:29-2(b) (Count XIII); fourth degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d) (Count XIV); third degree resisting arrest, N.J.S.A. 2C:29-2 (Count XV); and fourth degree hindering apprehension, N.J.S.A. 2C:29-3(b) (Count XVI).

On May 5, 2005, the State dismissed Counts II, IV, VI, XII, XIV, and XVI. Defendant was thereafter tried before a jury on the remaining charges over four nonsequential days. The jury found defendant guilty of second degree

A-1514-18

eluding, but was unable to reach a unanimous verdict on the remaining counts. On September 20, 2005, defendant negotiated an agreement with the State through which he pled guilty to three counts of first degree robbery. In exchange, the State agreed to recommend that the court sentence defendant to three concurrent terms of twenty years imprisonment, subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, to run concurrently to the sentence imposed on the eluding conviction, but consecutive to an unrelated term of imprisonment defendant was serving at the time.

On November 18, 2005, the trial judge granted the State's motion to impose a discretionary extended term[1] on the second degree eluding conviction and sentenced defendant to twenty years imprisonment, with an eighty-five percent period of parole ineligibility and three years parole supervision as mandated by NERA. Consistent with plea agreement, the court also sentenced defendant to three concurrent terms of twenty years on the first degree robberies.

On direct appeal, this court affirmed defendant's second degree eluding conviction, but vacated the trial court's order granting the State's motion to

---

[1] An ordinary term of imprisonment for a second degree offense is between five and ten years. N.J.S.A. 2C:43-6(a)(2). However, pursuant to Rule 3:21-4(e), the prosecutor may request the sentencing judge impose a discretionary term under N.J.S.A. 2C:44-3.

A-1514-18

impose an extended term. The prosecutor was required to file a motion seeking the imposition of an extended term within fourteen days of defendant's conviction. R. 3:21-4(e). Although the Rule authorizes the sentencing court to extend the time for filing the motion "for good cause shown," this court found "the State made no showing of good cause for the delay" and remanded the case "for the limited purpose of re-sentencing defendant to an ordinary term" on the conviction for second degree eluding. State v. Morris, A-2623-05, (App. Div. January 17, 2008), slip op. at 17-18., certif. denied, 195 N.J. 421 (2008). On April 18, 2008, the court resentenced defendant on the conviction for second degree eluding to a maximum ordinary term of ten years imprisonment.

Defendant filed his first PCR petition on November 1, 2010. In an order dated August 5, 2013, the Criminal Part denied defendant's petition. Defendant appealed the denial to this court. After reviewing the underlying basis of defendant's claims in support of PCR, this court held the arguments raised by defendant lacked sufficient merit to warrant discussion in a written opinion, Rule 2:11-3(e)(2), and affirmed. State v. Morris, A-0127-13, (App. Div. October 1, 2015), slip op. at 7-8, certif. denied, 228 N.J. 44 (2016).

Defendant filed this second PCR petition on September 21, 2016. The same judge who denied defendant's first PCR petition heard argument from

counsel on the second petition on June 22, 2018. As framed by the judge, defendant's second PCR petition was predicated on the following contentions: (1) ineffective assistance from trial counsel, appellate counsel, and from the attorney who represented him in his first PCR petition; and (2) the State's violation of his rights to due process under Brady[2] by failing to turn over in discovery a "Miranda[3] Rights Form and an arrest/intake photograph that would have changed the outcome of [p]etitioner's motion to suppress, resulting in suppression of his inculpatory statement."

After considering the briefs submitted and the arguments of counsel, the judge denied defendant's second PCR petition in an order dated on August 23, 2018. The judge explained the basis for his decision in a twenty-nine-page memorandum of opinion. The judge found defendant had not presented sufficient evidence to establish a prima facie case of ineffective assistance of counsel under the two-prong standard established by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984), and subsequently adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). In this

---

[2] Brady v. Maryland, 373 U.S. 83 (1963).

[3] Miranda v. Arizona, 384 U.S. 436 (1966).

light, defendant was not entitled to an evidentiary hearing under Rule 3:22-10(b).

The judge also noted "that many of [p]etitioner's arguments are procedurally barred because they were not raised on direct appeal." Both the PCR judge and the State cited Rule 3:22-4(a), which bars a defendant from raising legal issues in a PCR petition that could have been raised on direct appeal. The judge ultimately denied defendant's second PCR petition based on the following findings:

> [A]ll of [p]etitioner's claims are found to be either procedurally barred or without merit. A review of the record shows that [p]etitioner has failed to demonstrate ineffective assistance of his PCR counsel pursuant to [Rule] 3:22-6(d). Also, the majority of [p]etitioner's arguments could have been raised in prior proceedings and are not subject to any exceptions, and thus are barred by [Rule] 3:22-4(a). Finally, [p]etitioner has not shown that the State committed a Brady violation by failing to produce a Rights Form that would have changed the result of [p]etitioner's suppression hearing.

Against this legal and factual backdrop, defendant raises the following arguments in this appeal:

> POINT I
>
> THE TRIAL COURT ERRED IN FINDING THAT DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WAS PROCEDURALLY BARRED BECAUSE THE ISSUES RAISED IN THE

6

PETITION COULD NOT HAVE BEEN RAISED ON DIRECT APPEAL.

POINT II

THE TRIAL COURT ERRED IN DENYING DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO DETERMINE THE MERITS OF HIS CONTENTION THAT HE WAS DENIED THE RIGHT TO THE EFFECTIVE ASSISTANCE OF TRIAL AND APPELLATE COUNSEL.

A. The Prevailing Legal Principles Regarding Claims Of Ineffective Assistance Of Counsel, Evidentiary Hearings And Petitions For Post-Conviction Relief.

B. Trial Counsel Rendered Ineffective Legal Representation By Virtue Of His Failure To Move To Dismiss The Three First Degree Robbery Counts Prior To The Commencement Of The Re-Trial Or, Alternatively, To Object To The Entry Of The Guilty Plea To Those Counts Since The State Previously Dismissed The Predicate Offenses Of Unlawful Possession Of A Weapon And Possession Of A Weapon For An Unlawful Purpose.

C. Trial Counsel Rendered Ineffective Legal Representation By Virtue Of His Failure To Re-File Another Motion To Suppress After Receipt Of Newly Discovered Evidence, Namely, Defendant's Arrest/Intake Photograph.

A-1514-18

D. Trial Counsel Rendered Ineffective Legal Representation By Virtue Of His Failure To Object To The Trial Court's Improper Participation In The Plea Negotiations.

E. Defendant's Appellate Counsel Rendered Ineffective Legal Representation By Virtue Of His Failure To Argue That Trial Counsel Was Ineffective For Not Moving To Dismiss The Robbery Charges And To Raise The Issue Of The Trial Court Improperly Participating In Plea Negotiations.

F. Defendant Is Entitled To A Remand To The Trial Court To Afford Him An Evidentiary Hearing To Determine The Merits Of His Contention That he Was Denied The Effective Assistance Of Trial And Appellate Counsel.

Defendant also filed a pro se supplemental brief that raises the following

arguments:

POINT I

THE TRIAL COURT ERRED IN DENYING DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO DETERMINE THE MERITS OF HIS CONTENTION THAT THE STATE WITHHELD EXCULPATORY EVIDENCE IN VIOLATION OF BRADY V. MARYLAND, 373 U.S. 83 (1963).

8

A. THE DEFENDANT'S CONVICTION FOR THE FIRST DEGREE ARMED ROBBERY COUNTS, [SIC] COUNTS I, III, AND V, MUST BE REVERSED BECAUSE THE STATE COMMITTED A <u>BRADY</u> VIOLATION BY FAILING TO TURN OVER THE DEFENDANT'S MIRANDA RIGHTS FORM, DATED JUNE 9, 2003, TO THE DEFENSE WHICH SAID DOCUENT WOULD HAVE CHANGED THE OUTCOME OF HIS MOTION TO SUPPRESS RESULTING IN A SUPRESSION OF HIS STATEMENT.

POINT II

THE PROCEDURAL BAR UNDER <u>R.</u> 3:22-5 DOES NOT APPLY TO THE DEFENDANT'S PETITION FOR A SECOND POST-CONVICTION RELIEF UNDER SUB-POINTS B, C, D, E, F, G, H, I, J, AND K.

POINT III

THE TRIAL COURT ERRED IN DENYING DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO DETERMINE THE MERITS OF HIS CONTENTION THAT HE WAS DENIED THE RIGHT TO THE EFFECTIVE ASSISTANCE OF TRIAL, APPELLANT [SIC] AND PCR COUNSEL.

A. THE PREVAILING LEGAL PRINCIPLES REGARDING CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL, EVIDENTIARY HEARING

9

AND PETITION FOR POST-CONVICTION RELIEF.

B. TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO ARGUE SUBSEQUENT PROSECUTION ON COUNTS I, III AND V OF THE INDICTMENT FOR ARMED ROBBERY WAS PRECLUDED BY THE SAME EVIDENCE TEST.

C. TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO ARGUE SUBSEQUENT PROSECUTION ON COUNTS I, III, AND V OF THE INDICTMENT FOR ARMED ROBBERY WAS PRECLUDED BY THE SAME ELEMENTS TEST.

D. FIRST PCR COUNSEL WAS INEFFECTIVE BECAUSE COUNSEL FAILED TO ARGUE TRIAL COUNSEL AND APPELLATE COUNSEL WAS INEFFECTIVE FOR NOT ARGUING FOR A DISMISSAL OF THE ROBBERY CHARGES UNDER THE SAME ELEMENTS TEST AND SAME EVIDENCE TEST.

E. DIRECT APPELLATE COUNSEL WAS INEFFECTIVE BECAUSE COUNSEL FAILED TO ARGUE IN THE DIRECT APPEAL TRIAL COUNSEL WAS INEFFECTIE FOR NOT MOVING TO DISMISS THE ROBBERY CHARGES UNDER THE SAME ELEMENTS TEST AND SAME EVIDENCE TEST.

F. TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO FILE A MOTION TO DISMISS THE THREE FIRST DEGREE ROBBERY COUNTS I, III, AND V PRIOR TO THE COMMENCEMENT OF THE RE-TRIAL OR ALTERNATIVELY TO OBJECT TO THE ENTRY OF THE GUILTY PLEA TO THOSE COUNTS SINCE THE STATE PREVIOUSLY DISMISSED THE PREDICATE OFFENSES OF UNLAWFUL POSSESSION OF A WEAPON AND POSSESSION OF A WEAPON FOR AN UNLAWFUL PURPOSE.

G. APPELLATE COUNSEL WAS INEFFECTIVE BECAUSE COUNSEL FAILED TO ARGUE IN THE DIRECT APPEAL TRIAL COUNSEL AS INEFFECTIVE FOR FAILING TO FILE A MOTION TO DISMISS THE THREE FIRST DEGREE ROBBERY COUNTS I, III AND V PRIOR TO THE COMMENCEMENT OF THE RE-TRIAL OR ALTERNATIVELY TO OBJECT TO THE ENTRY OF THE GUILTY PLEA TO THOSE COUNTS SINCE THE STATE PREVIOUSLY DISMISSED THE PREDICATE OFFENSES OF UNLAWFUL POSSESSION OF A WEAPON AND POSSESSION OF A WEAPON FOR AN UNLAWFUL PURPOSE.

H. FIRST PCR COUNSEL WAS INEFFECTIVE FOR NOT RAISING TRIAL COUNSEL'S AND APPELLATE

11

COUNSEL'S INEFFECTIVE ASSISTANCE OF COUNSEL REGARDING A MOTION TO DISMISS THE THREE FIRST DEGREE ROBBERY COUNTS I, III, AND V PRIOR TO THE COMMENCEMENT OF THE RE-TRIAL OR ALTERNATIVELY TO OBJECT TO THE ENTRY OF THE GUILTY PLEA TO THOSE COUNTS SINCE THE STATE PREVIOUSLY DISMISSED THE PREDICATE OFFENSES OF UNLAWFUL POSSESSION OF A WEAPON AND POSSESSION OF A WEAPON FOR AN UNLAWFUL PURPOSE.

I. TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO THE PROSECUTOR'S ENTRY OF A DISMISSAL OR NOLLE PROSEQUI WITHOUT DEFENDANT'S CONSENT AS TO COUNTS II, IV, VI, AND XIV OF THE INDICTMENT.

J. APPELLATE COUNSEL WAS INEFFECTIVE BECAUSE COUNSEL FAILED TO ARGUE IN THE DIRECT APPEAL TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO THE PROSECUTOR'S ENTRY OF A DISMISSAL OR NOLLE PROSEQUI WITHOUT DEFENDANT'S CONSENT AS TO COUNTS II, IV, VI, AND XIV OF THE INDICTMENT.

K. FIRST PCR COUNSEL WAS INEFFECTIVE FOR FAILING TO FIILE A MOTION FOR LEAVE TO AMEND

12

PCR COUNSEL'S PETITION TO INCLUDE TRIAL COUNSEL'S AND APPELLATE COUNSEL'S INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO OBJECT TO THE PROSECUTOR'S ENTRY OF A DISMISSAL OR NOLLE PROSEQUI WITHOUT DEFENDANT'S CONSENT AS TO COUNTS II, IV, VI, AND XIV OF THE INDICTMENT.

POINT IV

THE DEFENDANT'S PCR PETITION SHOULD BE GRANTED BASED UPON THE CUMULATIVE EFFECT OF THE ERRORS SET FORTH ABOVE, OR ALTERNATIVELY THE DEFENDANT SHOULD BE ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM.

We reject these arguments and affirm. We note, however, that our analysis and ultimate conclusion is guided by the following long-established, fundamental principle of appellate jurisprudence: "an appeal is taken from a trial court's ruling rather than reasons for the ruling, we may rely on grounds other than those upon which the trial court relied." State v. Adubato, 420 N.J. Super. 167, 176 (App. Div. 2011). Our review of the record developed before the Criminal Part revealed that defendant's second PCR petition was procedurally barred under two Rules designed by the Supreme Court to identify and summarily dismiss frivolous, superfluous, or untimely PCR petitions.

13                                                              A-1514-18

Rule 3:22-4(b) states:

> A second or subsequent petition for post-conviction relief shall be dismissed unless:
>
> (1) it is timely under [Rule] 3:22-12(a)(2); and
>
> (2) it alleges on its face either:
>
>> (A) that the petition relies on a new rule of constitutional law, made retroactive to defendant's petition by the United States Supreme Court or the Supreme Court of New Jersey, that was unavailable during the pendency of any prior proceedings; or
>>
>> (B) that the factual predicate for the relief sought could not have been discovered earlier through the exercise of reasonable diligence, and the facts underlying the ground for relief, if proven and viewed in light of the evidence as a whole, would raise a reasonable probability that the relief sought would be granted; or
>>
>> (C) that the petition alleges a prima facie case of ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief.
>
> [(Emphasis added).]

Guided by this unambiguous language, we turn our attention to Rule 3:22-12(a)(2), which states:

> Notwithstanding any other provision in this rule, no second or subsequent petition shall be filed more than one year after the latest of:
>
> (A) the date on which the constitutional right asserted was initially recognized by the United States Supreme Court or the Supreme Court of New Jersey, if that right has been newly recognized by either of those Courts and made retroactive by either of those Courts to cases on collateral review; or
>
> (B) the date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence; or
>
> (C) the date of the denial of the first or subsequent application for post-conviction relief where ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief is being alleged.
>
> [(Emphasis added).]

Here, The Criminal Part denied defendant's first PCR petition on August 5, 2013. Defendant filed his second PCR petition on December 21, 2015, more than two years from the date the Criminal Part denied defendant's first PCR petition. Defendant's second PCR petition is thus procedurally barred pursuant to Rule 3:22-12(a)(2)(C) and should have been summarily dismissed.

However, on June 22, 2018, in the course his introductory remarks to counsel when hearing oral argument on defendant's second PCR petition, the

15

judge revealed a basic misapprehension about how to calculate the relevant procedural bar:

> THE COURT: All right, counsel. This case has a long procedural history. I just want to touch on some of the highlights. The defendant was sentenced . . . here in Mercer County Superior Court on November 18, 2005. He received a twenty-year NERA sentence on an eluding count that included [an] extended term, and that ran concurrent to three robberies, twenty years each, NERA offenses, and my understanding was all of them [were] to run consecutive to a sentence Mr. Morris was serving back in November of 2005.
>
> Mr. Morris filed a direct appeal to the Appellate Division. His appeal was denied on January 17th, 2008. He then filed a post[-]conviction relief [petition]. That was before me, and I eventually entered an order on August 5, 2013, denying that requested relief including [finding] he did not establish a right to an evidentiary hearing.
>
> There was an appeal taken to that first PCR I heard. The Appellate Division affirmed my ruling on October 1st, 2015, citing the reasons I set forth in my [twenty-two]-page written opinion.
>
> Mr. Morris then, less than three months later, filed a second PCR on December [21], 2015. He amended that on September 21st, 2016. [PCR counsel] filed his brief on behalf of his client on January 2nd, 2018. [The prosecutor] responded and filed her brief on April 13th, 2018.

In State v. McQuaid, our Supreme Court reaffirmed the public policy underpinning the requirement that PCR petitions be timely filed:

There are good reasons for [Rule 3:22-12]. As time passes after conviction, the difficulties associated with a fair and accurate reassessment of the critical events multiply. Achieving "justice" years after the fact may be more an illusory temptation than a plausibly attainable goal when memories have dimmed, witnesses have died or disappeared, and evidence is lost or unattainable. . . . Moreover, the Rule serves to respect the need for achieving finality of judgments and to allay the uncertainty associated with an unlimited possibility of relitigation. The Rule therefore strongly encourages those believing they have grounds for post-conviction relief to bring their claims swiftly, and discourages them from sitting on their rights until it is too late for a court to render justice.

[147 N.J. 464, 485, (1997) (quoting State v. Mitchell, 126 N.J. 565, 575-76 (1992)).]

The timeliness of a PCR petition determines whether the court has subject matter jurisdiction to adjudicate the matter. We have made clear that these policy considerations impose on judges an indispensable duty to affirmatively intervene when necessary to determine the timeliness of a petition under Rule 3:22-12:

[A] PCR judge has an independent, non-delegable duty to question the timeliness of the petition, and to require that defendant submit competent evidence to satisfy the standards for relaxing the rule's time restrictions pursuant to Rule 3:22-12. Absent sufficient competent evidence to satisfy this standard, the court does not have the authority to review the merits of the claim.

A-1514-18

[State v. Brown, 455 N.J. Super. 460, 470 (App. Div. 2018), certif. denied, 236 N.J. 374 (2019).]

Based on the undisputed facts described here, we hold the Criminal Part did not have subject matter jurisdiction under Rule 3:22-12(a)(2)(C) to adjudicate the merits of defendant's second PCR petition.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1514-18